FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 07, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, D/B/A AT&T MOBILITY, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WALLA WALLA,<br><br>    Defendant. | No.  4:23-CV-05162-SAB<br><br>**ORDER GRANTING BARBARA AND EVERETT KNUDSON'S MOTION TO INTERVENE AND SETTING DEADLINE FOR RESPONSE TO AMENDED COMPLAINT**<br><br><br>**ECF No. 8** |

Before the Court is Barbara and Everett Knudson's ("the Movant") Motion to Intervene, ECF No. 8. The motion is unopposed by Defendant City of Walla Walla (City). Plaintiff New Cingular Wireless PCS LLC d/b/a AT&T Mobility (AT&T) opposes the motion. ECF No. 12. The Movant filed a Reply. ECF No. 15. The matter was heard without oral argument. For the following reasons, the motion is granted.

**ORDER- 1**

## BACKGROUND

AT&T seeks judicial review under the Telecommunications Act of 1996 (TCA), 47 U.S.C. § 332(c)(7) of a determination by the City of Walla Walla. AT&T challenges the City's denial of its application for a conditional use permit to build a wireless communication tower. AT&T seeks declaratory and injunctive relief and requests expedited review based on a single cause of action that claims the City's refusal to approve is application amounts to a prohibition of providing personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II). *See* ECF Nos. 1, 24 (withdrawing substantial evidence requirement claim). Among its requests, AT&T asks the Court to declare that it is "entitled to approval of the Proposed Facility" and mandate that the City issue a conditional use permit and all authorizations necessary for construction of the tower. ECF No. 1 at 21-22.

To prove a violation of the TCA, AT&T has the burden to show that (1) a significant gap in its own service coverage exists; and (2) its denied application proposes to close that gap by the least intrusive means on the values that the denial sought to serve. *MetroPCS, Inc. v. City & Cnty. of San Francisco*, 400 F.3d 715, 723 (9th Cir. 2005); *T-Mobile USA, Inc. v. City of Anacortes*, 572 F.3d 987, 997–98 (9th Cir. 2009). If AT&T makes a prima facie showing of effective prohibition, which includes consideration of alternatives, the City "must show that there are potentially available and technologically feasible alternatives." *Anacortes*, 572 F.3d at 997–98. AT&T may then dispute the availability and feasibility of the

**ORDER- 2**

1  alternatives proposed. *Id*. However, where "there is more than a scintilla of

2  evidence to support a locality's disapproval of a particular site for a [wireless

3  cellular facility], a court's determination of whether the denial violates the TCA

4  turns on an evaluation of the availability and technological feasibility of the

5  alternatives." *Id*. at 996.

6      Just 46 days after the action was filed, the Movant filed a motion to

7  intervene, seeking to join the City in defending its denial of AT&T's application.

8  The Movant owns and resides in a home on property abutting the site of the

9  proposed cell tower and operates a bed and breakfast that is less than 500 feet from

10 the proposed facility. ECF No. 8-1 at 1. The Movant participated throughout the

11 City's review and hearing process and advocated against the proposed facility. *Id*.

12 at 2. The Movant seeks intervention as of right, and alternatively, permissive

13 intervention.

## LEGAL STANDARD

15     The Federal Rules of Civil Procedure permit a party to intervene as of right

16 under Rule 24(a) and permissively under Rule 24(b). *Cooper v. Newsom*, 13 F.4th

17 857, 864 (9th Cir. 2021). Rule 24 provides that:

18     On timely motion, the court must permit anyone to intervene who . . . claims
       an interest relating to the property or transaction that is the subject of the
19     action, and is so situated that disposing of the action may as a practical
       matter impair or impede the movant's ability to protect its interest, unless
20     existing parties adequately represent that interest.

21

**ORDER- 3**

Fed. R. Civ. P. 24(a)(2). An applicant for intervention under Rule 24(a)(2) must

establish four elements:

> (1) the motion must be timely; (2) the applicant must claim a significantly
> protectable interest relating to the property or transaction which is the
> subject of the action; (3) the applicant must be so situated that the
> disposition of the action may as a practical matter impair or impede its
> ability to protect that interest; and (4) the applicant's interest must be
> inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)

(internal quotation marks and citation omitted). These requirements are to be

"broadly interpreted in favor of intervention." *Smith v. L.A. Unified Sch. Distr.*,

830 F.3d 843, 853 (9th Cir. 2016). A district court is to accept as true non-

conclusory allegations in support of such a motion. *Sw. Ctr. for Biological*

*Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

By contrast, permissive intervention under Rule 24(b) requires only that the

proposed intervener have a question of law or fact in common with the underlying

action; the request be timely made; and the court have an independent basis for

jurisdiction over the proposed intervenor's claims. Fed. R. Civ. P. 24(b). When

ruling on a motion for permissive intervention under Rule 24(b), a district court

enjoys broad discretion and "must consider whether the intervention will unduly

delay or prejudice the adjudication of the original parties' rights." *Dep't of Fair*

*Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting

Fed. R. Civ. P. 24(b)).

**ORDER- 4**

**DISCUSSION**

AT&T does not dispute that the motion to intervene is timely and the disposition of the action may impair or impede the movant's ability protect its interest. *See* ECF No. 12 at 3. Accordingly, the Court finds the first and third required elements for intervention as of right established. [1]  The Court further finds the remaining two requirements for intervention as of right are met, and alternatively, permissive intervention is warranted.

### 1.  Protectable Interest

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and 'no specific legal or equitable interest need be established.' " *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citation omitted). To demonstrate a significant protectable interest, it is generally

---

[1] The action's potential to impair the Movant's ability to protect the Movant's interest is obvious: if this action succeeds and the Court were to grant the relief requested, AT&T theoretically might start construction the day judgment is entered. In addition, the Movant's interests may be impaired or affected due to preclusion. *See* 18A Federal Practice and Procedure (Charles A. Wright, Arthur R. Miller & Edward H. Cooper) § 4458 (3d ed.) (discussing nonparty preclusion in government and official litigation).

**ORDER- 5**

enough that an applicant establish that "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1179.

The Movant lives on and owns residential property abutting the proposed facility. In addition, Movant's bed and breakfast business is located on property in close proximity of the proposed facility. Movant has identified interests in safety, aesthetics, and effects on the "quiet enjoyment of their home" and their investment in their bed and breakfast business. In Washington, abutter interest in the use of a property is well-settled. *See Loveless v. Yantis*, 82 Wash.2d 754, 758 (1973) (reversing the denial of intervention as of right to individual "property owners 'who feel themselves aggrieved,' "who would have had a right to appeal the ruling . . . had it been adverse to them," and who would have suffered "special damages by way of diminution in value of their property" and to an organization whose members were "all residents of the area affected"). Courts have generally found that abutters have a sufficient interest in similar litigation under similar circumstances. *See, e.g., Industrial Comm. and Elec., Inc. v. Town of Alton, N.H.*, 646 F.3d 76, 79 (1st Cir. 2011) (intervenors whose property border was 200 feet or less from the proposed cell phone tower site "colorably claim protectable economic and other interests that will be directly impaired by the construction of a tower . . . The [intervenors] have a legal interest under state law in the protection that the zoning laws afford to their property: specifically, they could sue in state court to

**ORDER- 6**

overturn the variance if it were granted unlawfully); *Eco-Site LLC v. Cty. of Pueblo*, 352 F. Supp. 3d 1079, 1084-85 (D. Colo. 2018) (state law protecting property owners from land use decisions that would diminish the value of their property satisfied the protectable interest inquiry under Rule 24(a)); *Varsity Wireless, LLC v. Town of Boxford*, 15-11833-MLW, 2016 WL 11004357 (D. Mass. Sept. 9, 2016) (granting intervention as of right and permissive intervention to abutting and neighboring landowners who asserted proposed cell tower would be an extremely intrusive eyesore and lower their property values); *Smith Comm'ns, LLC v. Washington County*, 2013 WL 12365273 (W.D. Ark. Aug. 26, 2013) (concluding landowners in the immediate vicinity of the proposed cell tower location were entitled to intervention as a matter of right).

The Court finds the Movant satisfies the significant protectable interest requirement.

### 2. Adequacy of Representation

In determining whether an intervenor's interest is adequately represented, a court considers "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838. "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be'

**ORDER- 7**

1   inadequate; and the burden of making that showing should be treated as minimal."

2   *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). "Where

3   an applicant for intervention and an existing party 'have the same ultimate

4   objective, a presumption of adequacy of representation arises.' " *Nw. Forest Res.*

5   *Council*, 82 F.3d at 838 (citation omitted). "To rebut the presumption, an applicant

6   must make a 'compelling showing' of inadequacy of representation." *Citizens for*

7   *Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

8       Here, a presumption of adequate representation applies and the Movant must

9   make a compelling showing to overcome that presumption because it shares the

10  same "ultimate objective" as the City: upholding the denial of the conditional use

11  permit against the challenge presented by AT&T. *See Arakaki v. Cayetano*, 324

12  F.3d 1078, 1086 (9th Cir. 2003). The burden of overcoming this presumption is not

13  onerous: the potential intervenor need only show that representation of its interests

14  "may be" inadequate, not that it is inadequate. *Id.*

15      The City does not have interests that extend beyond its own and the general

16  public interest. As such, the Movant's interests go beyond the City's. Moreover,

17  counsel for the City has expressed that the Movant has taken positions not taken by

18  the City and the City does not intend to advance all of the Movant's arguments in

19  this proceeding. ECF No. 16 at 6. There is clearly a genuine potential for

20  divergence of interests because, while the City opposes the AT&T's claim for

21  relief, its position could change or soften based on broader geographic or

**ORDER- 8**

institutional interests. The Court concludes the Movant's interests may not be

adequately represented by the City.

For all these reasons, the Court finds the Movant has established the right to

intervene pursuant to Rule 24(a)(2).

### 3. Rule 24(b) - Permissive Intervention

In the alternative, even the Movant was not entitled to intervention as of

right, the Court would exercise its discretion to grant permissive intervention under

Rule 24(b). The Movant's defense of the hearing examiner's decision shares

common issues of fact and law with the propriety of the hearing examiner's

decision under the TCA in this action. The TCA requires that AT&T demonstrate

its application proposed to close a coverage gap by "least intrusive means." The

Movant intends to argue that AT&T's failure to provide documentation of

"comprehensive efforts to identify alternative locations" as required by the City

code is grounds to deny the claim and AT&T's request that the Court order the

"approval of the Proposed Facility pursuant to its Application." ECF No. 1 at 21.

Intervention will not unduly delay or prejudice the adjudication of the rights of the

original parties because this case is still in an early stage. The Court would

therefore exercise its discretion to allow permissive intervention.

### 4. Rule 24(c)

Pursuant to Fed. R. Civ. P. 24(c), a motion to intervene "must . . . be

accompanied by a pleading that sets out the claim or defense for which

**ORDER- 9**

intervention is sought." Fed. R. Civ. P. 24(c); *see also Berg*, 268 F.3d at 817 (motion for intervention on behalf of defendants was accompanied by proposed answer to complaint, "as required by Rule 24(c)"). Although the briefing in support of the motion shows that the Movant seeks to intervene as a defendant and it does not intend to raise new claims, ECF No. 15 at 9, the Movant has not filed the required pleading. However, this technical failure is not fatal to the motion and the Court may approve intervention where the Court is "otherwise apprised of the grounds for the motion." *Beckman Industries, Inc. v. Intl. Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). Though it would have been preferable for Movant to append a proposed answer with the motion to intervene, this procedural defect does not bar intervention.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The Knudson's Motion to Intervene, ECF No. 8, is **GRANTED** pursuant to Federal Rule of Civil Procedure 24(a)(2), and alternatively, Rule 24(b).

2.    The caption of the case shall be updated to reflect the Defendant-Intervenor's participation in the case.

3.    Both Defendant and Defendant-Intervenors shall await AT&T's filing of the amended complaint and within **fourteen (14) days** thereafter, file their responsive pleadings. *See* Fed. R. Civ. P. 15(a)(3).

4.    Defendant and Defendant-Intervenors are expected to cooperate to ensure that this matter is litigated without undue duplication. The Court reminds

**ORDER- 10**

the parties that they are expected to work "to secure the just, speedy, and

inexpensive determination" of this action. Fed. R. Civ. P. 1.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to

file this Order and provide copies to counsel.

**DATED** this 7th day of March, 2024.

Stanley A. Bastian
United States District Judge

**ORDER- 11**