Ariel Strauss (Bar # 282230)
Law Offices of Ariel Strauss
92 Pine Hill Drive
El Sobrante, California 94803
Phone: 310-709-1213
Email: ariel@alegal.info

Andrew J. Campanelli (*pro hac vice*)
CAMPANELLI & ASSOCIATES, P.C.
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
Telephone: (516) 746-1600
Email: ajc@campanellipc.com

*Attorneys for Putative Intervenor*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO VALLEY LIMITED PARTNERSHIP, a California Limited Partnership d/b/a VERIZON WIRELESS,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>NEVADA COUNTY, CALIFORNIA,<br><br>　　　Defendant,<br>and<br><br>KRISTIN PHALEN,<br><br>　　　Answering Intervenor. | No. 25-CV-01932-WBS-SCR<br><br>**INTERVENOR'S ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS**<br><br>Complaint Filed: July 10, 2025 |

2

ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS [PROPOSED]

Answering Intervenor, Kristin Phalen (the "Answering Intervenor" or "Intervenor"), an abutter and neighbor to Plaintiff's proposed 129 foot wireless telecommunications facility, and the individual that initiated the administrative appeal that resulted in the Nevada County's denial of Plaintiff's application, by and through her attorneys, the Law Offices of Ariel Strauss and Campanelli & Associates, P.C., answer Plaintiff's Complaint in the above-entitled action and respectfully alleges as follows:

### ANSWERING "NATURE OF THE ACTION"

1. The allegations contained in paragraph "1" of the Complaint assert conclusions of law, which warrant no response by the Answering Intervenor. Any and all factual allegations are expressly denied, except admits that Plaintiff made an application to construct a personal wireless service facility at 20896 Dog Bar Road, Grass Valley, California ("Application") and the Application was denied.

2. Neither admits nor denies the allegations contained in paragraph "2" of the Complaint and affirmatively alleges that Congress expressly preserved the authority of local municipalities to regulate the placement of personal wireless facilities. Answering Intervenor respectfully refers the Court to the Telecommunications Act of 1996 ("TCA") and the case law cited in paragraph "2" for their content, meaning and legal effect.

3. Denies the allegations contained in paragraph "3" of the Complaint.

4. The allegations contained in paragraph "4" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA for its content, meaning and legal effect. To the extent paragraph "4" contains factual allegations, Answering Intervenor denies such allegations.

5. Neither admits nor denies the allegations contained in paragraph "5" of the Complaint inasmuch as it does not state allegations of fact, and respectfully refers all questions of law to the Court. Answering Intervenor opposes the relief sought in paragraph "5" of the Complaint.

### ANSWERING "PARTIES"

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

### ANSWERING "JURISDICTION AND VENUE"

9. Neither admits nor denies the allegations contained in paragraph "9" of the Complaint inasmuch as it does not state allegations of fact, and respectfully refers all question of law to the Court. To the extent that a response is required, the Answering Intervenor admits the allegations contained in paragraph "9" insofar as they pertain to Answering Intervenor.

10. Neither admits nor denies the allegations contained in paragraph "10" of the Complaint inasmuch as it does not state allegations of fact, and respectfully refers all question of law to the Court. To the extent that a response is required, the Answering Intervenor admits the allegations contained in paragraph "10" insofar as they pertain to Answering Intervenor.

11. Neither admits nor denies the allegations contained in paragraph "11" of the Complaint inasmuch as it does not state allegations of fact, and respectfully refers all question of

law to the Court. To the extent that a response is required, the Answering Intervenor admits the allegations contained in paragraph "11" insofar as they pertain to Answering Intervenor.

12. Neither admits nor denies the allegations contained in paragraph "12" of the Complaint inasmuch as it does not state allegations of fact, and respectfully refers all question of law to the Court. To the extent that a response is required, the Answering Intervenor admits the allegations contained in paragraph "12" insofar as they pertain to Answering Intervenor.

### ANSWERING "INTRADISTRICT ASSIGNMENT"

13. Neither admits nor denies the allegations contained in paragraph "13" of the Complaint inasmuch as it does not state allegations of fact, and respectfully refers all question of law to the Court. To the extent that a response is required, the Answering Intervenor admits the allegations contained in paragraph "13" insofar as they pertain to Answering Intervenor.

### ANSWERING "FACTS COMMON TO ALL COUNTS"

### "The Application and the Project"

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint, except admits that Verizon Wireless filed an application with the County to build a one hundred twenty-nine-foot personal wireless service facility. Answering Intervenor denies the remaining allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint, except admits that the Property is zoned

5
ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS [PROPOSED]

AG-General Agricultural and is surrounded by single family residences and agricultural uses. Answering Intervenor denies the allegation that "the Project will have no significant visual or other impact on any homes" and that "the nearest off-site residence is hundreds of feet from the Project." Answering Intervenor affirmatively alleges that the nearest residence is approximately 100 feet from the Project.

17. Denies the allegations contained in paragraph "17" of the Complaint, except admits that Verizon Wireless submitted purported photo-simulations, an engineering analysis and a report purportedly showing compliance with the FCC safety limits on radiofrequency exposure. Answering Intervenor affirmatively alleges that none of the photos submitted in connection with the application were taken from the perspective of the Answering Intervenor' properties. Answering Intervenor further affirmatively alleges that the photos submitted by Plaintiff were intentionally taken from vantage points and angles that would conceal the proposed tower.

18. Denies the allegations contained in paragraph "18" of the Complaint, and affirmatively alleges that there is no gap in Verizon's service in the area.

19. Neither admits nor denies the allegations contained in paragraph "19" of the Complaint and respectfully refers all questions of law to the Court.

**"The County's Review and Unlawful Denial of the Application"**

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint and respectfully refers the Court to the "staff report" referenced therein for its content, meaning and legal effect.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint, except denies that the conclusions contained in the staff report are accurate and respectfully refers the Court to the staff report for its content, meaning and legal effect.

23. Denies the allegations contained in paragraph "23" of the Complaint, except admits that a public hearing was held on June 12, 2024.

24. Denies the allegations contained in paragraph "24" of the Complaint, except admits that concerns were raised. Answering Intervenor affirmatively alleges that the concerns raised were about the adverse aesthetic impact the tower would inflict upon the nearby homeowners.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint, except admits that the Zoning Administrator approved the Application, and denies that the Zoning Administrator's findings were accurate.

26. Denies the allegations contained in paragraph "26" of the Complaint, except admits that an appeal was taken, and respectfully refers the Court to the appeal for its content, meaning and legal effect.

27. Denies the allegations contained in paragraph "27" of the Complaint, except admits that Plaintiff responded to the appeal by letter, and respectfully refers the Court to the letter for its content, meaning and legal effect.

28. Denies the allegations contained in paragraph "28" of the Complaint, except admits that the planning staff submitted a report to the Board of Supervisors, and respectfully refers the Court to the planning staff's report for its content, meaning and legal effect.

29. Admits the allegations contained in paragraph "29" of the Complaint.

30. Denies the allegations contained in paragraph "30" of the Complaint, and affirmatively alleges that there was no substantial evidence supporting Plaintiff's claim of a significant gap in its coverage.

31. Denies the allegations contained in paragraph "31" of the Complaint, and respectfully refers the Court to the Appeal for its content, meaning and legal effect, and affirmatively alleges that they will engage an expert.

32. The allegations contained in paragraph "32" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA for its content, meaning and legal effect. To the extent that paragraph "32" contains allegations of fact, Answering Intervenor denies such allegations, except admits that the Board requested additional information from the Plaintiff.

33. Denies the allegations contained in paragraph "33" of the Complaint, except admits that Plaintiff submitted some additional information, and affirmatively alleges that no photographs were taken of the view from the perspective of Answering Intervenor' properties.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies the allegations contained in paragraph "35" of the Complaint, except admits that another staff report was prepared.

36. Admits the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint, except admits that they took issue with the alleged evidence submitted by Plaintiff to the Board, and affirmatively

alleges that it is the lack of data supporting Plaintiff's allegations that there is a significant gap in coverage that undermines Plaintiff's claims, and that no expert is required in order to demonstrate a lack of supporting data.

38. Denies the allegations contained in paragraph "38" of the Complaint, except admits that Plaintiff reiterated its unsupported claims of a gap in coverage, and claimed it had sought the least intrusive location.

39. Admits the allegations contained in paragraph "39" of the Complaint, except denies that the concerns expressed were "speculative" and affirmatively alleges that the maps used by Plaintiff to sell its services to consumers conflict sharply with the propagation maps prepared by Plaintiff to sell its tower to the Board.

40. Denies the allegations contained in paragraph "40" of the Complaint, except admits that the Board denied Plaintiff's application.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint and respectfully refers the Court to the Denial for its content, meaning and legal effect.

42. Denies the allegations contained in paragraph "42" of the Complaint, and affirmatively alleges that the Application suffered from a substantial lack of evidence supporting Plaintiff's claims of a significant gap in coverage.

43. Denies the allegations contained in paragraph "43" of the Complaint.

**Grounds for Declaratory Relief**

44.     The allegations contained in paragraph "44" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA for its content, meaning and legal effect.

45.     Denies the allegations contained in paragraph "45" of the Complaint.

**Grounds for Injunctive Relief**

46.     Denies the allegations contained in paragraph "46" of the Complaint.

47.     Denies the allegations contained in paragraph "47" of the Complaint.

48.     Denies the allegations contained in paragraph "48" of the Complaint.

49.     Denies the allegations contained in paragraph "49" of the Complaint and affirmatively alleges that cell phones are equipped with the ability to connect to any nearby tower in an emergency regardless of the user's carrier. Answering Intervenor further affirmatively alleges that, due to the availability of satellite connectivity, emergency calls can be made even without a cell signal.

50.     Denies the allegations contained in paragraph "50" of the Complaint.

**ANSWERING "FIRST CLAIM FOR RELIEF"**

51.     In response to paragraph "51" of the Complaint, Answering Intervenor repeats, reiterates and realleges the responses set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

52.     The allegations contained in paragraph "52" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the case law cited therein for its content, meaning and legal effect.

53. Denies the allegations contained in paragraph "53" of the Complaint and affirmatively alleges that Plaintiff failed to proffer substantial evidence to the Board in support of its claims of a significant gap in coverage.

54. Paragraph "54" of the Complaint does not assert any allegations of fact and no response by Answering Intervenor is required.

### ANSWERING "SECOND CLAIM FOR RELIEF"

55. In response to paragraph "55" of the Complaint, Answering Intervenor repeats, reiterates and realleges the responses set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

56. The allegations contained in paragraph "56" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA, the case law and the FCC Order for their content, meaning and legal effect.

57. Denies the allegations contained in paragraph "57" of the Complaint.

58. Denies the allegations contained in paragraph "58" of the Complaint.

59. The allegations contained in paragraph "59" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA , the case law and the FCC Order for their content, meaning and legal effect. To the extent paragraph "59" contains allegations of fact, Answering Intervenor denies those allegations.

60. Denies the allegations contained in paragraph "60" of the Complaint.

61. Denies the allegations contained in paragraph "61" of the Complaint.

62. Denies the allegations contained in paragraph "62" of the Complaint and respectfully refers the Court to the TCA for its content, meaning and legal effect.

63. Paragraph "63" of the Complaint does not assert any allegations of fact and no response by Answering Intervenor is required.

### ANSWERING "THIRD CLAIM FOR RELIEF"

64. Answering Intervenor repeats, reiterates and realleges the responses set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

65. The allegations contained in paragraph "65" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA for its content, meaning and legal effect.

66. The allegations contained in paragraph "66" of the Complaint assert conclusions of law which warrant no response by the Answering Intervenor, and respectfully refers the Court to the TCA and case law cited therein for their content, meaning and legal effect.

67. Denies the allegations contained in paragraph "67" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the qualifications of the third-party engineering firm referenced therein.

68. Denies the allegations contained in paragraph "68" of the Complaint.

69. Paragraph "69" of the Complaint does not contain any allegations of fact and no response by Answering Intervenor is required.

### **GENERAL DENIAL**

70. Answering Intervenor expressly denies each and every allegation contained in the Complaint unless expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Statute of Limitations

71. The Plaintiff is barred by the statute of limitations in 47 U.S.C. § 332(c)(7)(B)(v) from asserting the claims alleged in the Complaint.

72. Paragraph "40" of the Complaint states that the Board of Supervisors denied Plaintiff's application for permit on August 20, 2024.

73. The Complaint was not filed until July 20, 2024.

74. Greater than 30 days elapsed from the date of the denial until the date of filing the Complaint.

### Second Affirmative Defense: Failure to State a Claim

75. The Plaintiff has failed to state a claim upon which relief can be granted.

76. Plaintiff's Third Cause of Action asserts that the Board's denial was impermissibly based on the fear of RF emissions.

77. However, if the Board's decision was supported by substantial evidence in the record and the denial did not amount to an effective prohibition of personal wireless services, then the Board's decision would be upheld notwithstanding any subjective motivations.

## COUNTERCLAIMS AND CROSS-CLAIMS

### Background

78. Plaintiff sought a Conditional Use Permit from the Defendant to construct and install a one hundred twenty-nine-foot (the same height as a thirteen-story building) cell tower in an area where no other structure stands more than two stories in height.

79. The proposed site is located in close proximity to the residential homes of the Answering Intervenor and other neighboring properties at distances of between as little as 100 feet (shorter than the height of the tower, thus within the fall zone) and 1,000 feet. The home of the Answering Intervenor is close enough to the proposed tower to be subjected to adverse aesthetic and economic impacts.

80. Under the general authority provision of the TCA, Congress explicitly preserved the General Authority of local governments to regulate the placement of wireless facilities within their respective jurisdictions. *See* 47 U.S.C.A. §332(c)(7)(A), "General Authority" which states, "Except as provided in this paragraph, nothing in this Act shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction and modification of personal wireless service facilities."

81. The Nevada County Planning Department granted the Conditional Use Permit. Answering Intervenor appealed that decision to the Board.

82. After hearing the appeal and reviewing the evidence presented by the Plaintiff and the Answering Intervenor, the Board determined that the Planning Department's grant of the Conditional Use Permit for the proposed tower was in error.

83. Specifically, the Board was persuaded by the Answering Intervenor's arguments and evidence. In contrast, the Board noted that the Plaintiff had not produced any of the underlying data used in its creation of predictive propagation maps and drive test reports. In sum, the Board found that Plaintiff had not established that there was a significant gap in its wireless coverage, or that such gap – if it exists – would be remedied by the proposed location. The Board further noted that Plaintiff had not conducted a proper alternative site analysis, thus failing to demonstrate that

the proposed tower, at the proposed location, would be the least intrusive means for addressing the alleged gap.

84. Answering Intervenor also demonstrated that her property, as well as other properties abutting the proposed site, would suffer severe adverse aesthetic and economic impacts.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
(Permanent Injunction)

85. Answering Intervenor repeats, realleges and reiterates the allegations set forth in the foregoing paragraphs as if fully set forth at length herein.

86. As set forth above, Answering Intervenor will suffer real and imminent harm if Plaintiff is allowed to construct and install the proposed tower at the proposed location, in that her property will be subjected to severe adverse aesthetic impacts and the potential for physical damage to adjacent properties due to the unreasonable proximity of the proposed tower.

87. There is no adequate remedy at law to compensate the Answering Intervenor for the irreparable harm she will inevitably suffer as a result of the installation of the Plaintiff's proposed tower.

88. Further, the balance of hardships clearly weighs in favor of the Answering Intervenor because Plaintiffs can install the tower elsewhere, further away from Answering Intervenor, but the Answering Intervenors cannot reasonably be expected to relocate her residence.

89. Moreover, Answering Intervenor is likely to succeed on the merits of her claims, having established that she will suffer severe adverse aesthetic and economic impacts to her property, that is different from the impacts, if any, the general public would experience.

90. Lastly, a permanent injunction barring Plaintiff from installing the proposed tower at the proposed location will not disserve the public interest. The Plaintiff has not shown that the proposed tower is needed in the surrounding areas to remedy any gap in coverage, or that there is even a gap in coverage at all.

91. Based upon the foregoing, Answering Intervenor is entitled to an order permanently enjoining the Plaintiff from constructing and installing the proposed tower at the proposed location, or at any location close enough to Answering Intervenor's property to cause adverse aesthetic and economic impacts thereto.

**SECOND COUNTERCLAIM**
**Declaratory Judgment**
**(against Plaintiff)**

92. Answering Intervenor repeats, realleges and reiterates the allegations set forth in the foregoing paragraphs as if fully set forth at length herein.

93. Based upon the foregoing, the Answering Intervenor is entitled to a declaratory judgment pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, adjudging and declaring that the construction and installation of the proposed tower, or any wireless telecommunications facility of any kind, whether at the proposed location or at any location in close proximity to Answering Intervenor's property, will cause adverse aesthetic and economic impacts thereto.

**CROSS-CLAIMS**

**FIRST CROSS-CLAIM**
**(Declaratory Judgment)**

94. Answering Intervenor repeats, realleges and reiterates the allegations set forth in the foregoing paragraphs as if fully set forth at length herein.

95. Based upon the foregoing, the Answering Intervenor is entitled to a declaratory judgment pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, adjudging and declaring that the construction and installation of the proposed tower, or any wireless telecommunications facility of any kind, whether at the proposed location or at any location in close proximity to the Answering Intervenor's property, will cause adverse aesthetic and economic impacts thereto.

**SECOND CROSS-CLAIM**
**(Permanent Injunction)**

96. Answering Intervenor repeats, realleges and reiterates the allegations set forth in the foregoing paragraphs as if fully set forth at length herein.

97. Based upon the foregoing, Answering Intervenor is entitled to an order permanently enjoining the County, or any instrument, agency, board, or any other representative individual or body thereof from granting Plaintiff's application to install its proposed tower at the proposed location, and from granting any application from any applicant seeking to install a wireless telecommunications facility of any kind close enough to Answering Intervenor's property to cause adverse aesthetic and economic impacts thereto.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Answering Intervenor respectfully demands judgment:

A. Dismissing the Complaint and all claims and causes of action therein in its entirety;

B. On her First Counterclaim for Declaratory Judgment pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, adjudging and declaring that the construction and installation of the proposed tower, or any wireless telecommunications facility of any kind, whether at the proposed location or at any location in close proximity to Answering Intervenor's property, will cause adverse aesthetic and economic impacts thereto;

C. On her Second Counterclaim for a Permanent Injunction, permanently enjoining Plaintiff from installing the proposed tower at the proposed location, or at any

        location close enough to the Answering Intervenor's Property to cause adverse aesthetic and economic impacts thereto.

D.     On her First Cross-Claim for Declaratory Judgment pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, adjudging and declaring that the construction and installation of the proposed tower, or any wireless telecommunications facility of any kind, whether at the proposed location or at any location in close proximity to the Answering Intervenor's property, will cause adverse aesthetic and economic impacts thereto;

E.     On her Second Cross-Claim for a Permanent Injunction, an order permanently enjoining the County, or any instrument, agency, board, or any other representative individual or body thereof from:

    a.     granting Plaintiff's Application to install the proposed tower at the proposed location; and

    b.     granting any application from any applicant seeking to install a wireless telecommunications facility of any kind close enough to Answering Intervenor's property to cause adverse aesthetic and economic impacts thereto; and

F.     awarding the Answering Intervenor her costs, disbursements and reasonable attorneys' fees, all with applicable interest at the applicable rate, together with such other and further relief as the Court may deem just and proper.

Dated: October 2, 2025

        Law Offices of Ariel Strauss

        By: /s/ Ariel Strauss (Bar # 282230)
            Ariel Strauss

        CAMPANELLI & ASSOCIATES, P.C.

        By: /s/ Andrew J. Campanelli (*Pro Hac Vice*)
            Andrew J. Campanelli

        *Attorneys for Answering Intervenor*