Ariel Strauss (Bar # 282230)
Law Offices of Ariel Strauss
92 Pine Hill Drive
El Sobrante, California 94803
Phone: 310-709-1213
Email: ariel@alegal.info

Andrew J. Campanelli (*pro hac vice*)
CAMPANELLI & ASSOCIATES, P.C.
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
Telephone: (516) 746-1600
Email: ajc@campanellipc.com

*Attorneys for Putative Intervenor*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| SACRAMENTO VALLEY LIMITED PARTNERSHIP, a California Limited Partnership d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>- against -<br><br>NEVADA COUNTY, CALIFORNIA,<br><br>Defendant. | No. 25-CV-01932 (WBS) (SCR)<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE <u>PURSUANT TO RULE 24</u>**<br><br>Hearing Date: November 10, 2025<br>Time: 1:30 pm<br>Courtroom: Courtroom 5, 14th Floor<br>Honorable William B. Shubb |

REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE

Pursuant to Local Rule 230(d), Putative Intervenor Kristin Phalen (the "Movant"), by and through undersigned counsel, respectfully submits this Reply in Further Support of Motion to Intervene.

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I. Verizon Concedes that Movant's Motion is Timely

Federal Rule of Civil Procedure, rule 24 requires that a motion to intervene is "timely." Timeliness is contextual and, as explained in the Movant's Motion,[1] has been satisfied here. Verizon does not respond to Movant's arguments, has no basis to object, and has conceded this point.

### II. Ms. Phalen Has a Significantly Protectable Interest in the Outcome of this Case

*A. Verizon entirely ignores that Ms. Phalen has a protectable interest on the basis of having successfully appealed Verizon's conditional use permit.*

The Movant's motion states: "The Movant has a protectable interest in defending the result that she helped bring about in her successful appeal – a result that protects her home and her property rights."[2] Yet, Verizon completely ignores the argument that she has an interest in protecting the result of the administrative appeal *she filed and litigated.*[3] Ms. Phalen was permitted to bring her appeal because, under the County Code, she is considered to be an "interested party" in the decision to grant Verizon's application.[4] It is *only* because of her appeal that Verizon's

---

[1] Movant's Memorandum of Points and Authorities at pp. 9-10.

[2] Id. at p. 4.

[3] Id. at pp. 3-4.

[4] As defined in Nevada County, California Code of Ordinances § 12.05.120(C).

1
REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE

permit was denied, leading to the filing of this action. Ms. Phalen's interest is one that is protected by law. She had a right to appeal under the County Code – *as an interested party* – and did so. The County heard and considered her appeal, as an interested party, and ultimately decided to overturn the decision to approve Verizon's application, thus protecting Ms. Phalen's home and property. This was the point of bringing the appeal in the first place. Ms. Phalen has a strong continuing interest in sustaining that outcome in court, regardless of how far her residence is from the tower, or how many deceptive angles Verizon uses for its photo simulations. Moreover, having not even addressed this argument made by Ms. Phalen in her Memorandum of Points and Authorities, Plaintiff has effectively conceded this point, or at least has waived any opposition to it.[5] As such, Plaintiff cannot argue that Ms. Phalen has no legally protectable interest on that grounds.

> B. *Ms. Phalen has a significant protectable interest in avoiding adverse aesthetic impact and Verizon seeks to pre-litigate central facts that are in dispute.*

The argument that Verizon does make, that Ms. Phalen cannot demonstrate "a significantly protectable interest", is seriously flawed. In support of this contention, Verizon presents photo simulations using photos taken from near Ms. Phalen's property and submits several pages of detailed factual arguments for the innocuousness of their proposed cell tower. Verizon's argument is predicated on the Court accepting as true at this preliminary stage Verizon's first cause of action that "denial was not based on substantial evidence."

The Nevada County Board of Supervisors accepted Ms. Phalen's arguments that the cell tower would have detrimental aesthetic impacts. Specifically, the Board determined that it is

---

[5] "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." L.R. 230(c). Verizon did file an opposition to the motion but did not oppose this point.

"inconsistent and incompatible with the surrounding neighborhood, in which the project site is located" and "would be noticeable from several surrounding property viewsheds and would not blend in with the surrounding existing environment." (See Reso. 24-480, Attachment A to Request for Judicial Notice and Declaration in Support of Reply in Further Support of Motion to Intervene, submitted concurrently herewith ("RJN").) Verizon re-litigates the arguments made in the administrative appeal before the Board. This Court may not accept Verizon's one-sided construal of facts as a basis to deny Ms. Phalen her day in court specifically to test the truth and relevance of such facts.

If given the opportunity, the Movant intends to establish that the record shows that simulations (page 4 of 5, marked as "47" and page 5 of 5 marked as "52") misrepresent the location of the proposed tower. Similarly, the Movant will show that page 4 of 5, the proposed tower location marked in the first photo (marked as "Existing") is further to the left than the simulation showing the proposed tower. As a result, the simulated tower is behind and within the trees. This is not accurate based on the first photo, which would place the tower in clear view, about 20 feet above the tree line. The mis-location appears slight, but a closer look shows that the tower, if placed where the "Existing" photo indicates, would be clearly visible. Moreover, the "tree" is clearly artificial, and is visible even in the "Proposed" photo.

The Movant will also demonstrate that the same sleight-of-hand reappears in the photos on page 5 (marked as "52"). The "Existing" photo shows the proposed location in a spot where it would clearly be seen, but the "Proposed" photo hides the tower behind a natural tree. In addition, the photos are taken from angles that artificially minimize the tower's perceived height and exaggerate the perceived distance from the perspective of the photographer.

The Movant will further demonstrate that Verizon takes liberties with how far a tower must be from someone's property in order to present an aesthetic interference with the property. First, measuring the distance from Phalen's physical house eliminates part of her property from the equation. Most people use more than the physical structure of the home on their property, using the outdoor portion of their property as well. The measurement should be from the property line nearest the proposed tower.

Nevertheless, an artificial vertical structure, poorly "disguised" as a "tree," towering twenty feet above the tree line, would be visually discordant with the character of the area, and would be highly visible from the Phalen family's property, despite Verizon's attempted sleight of hand with the photo simulations. The Board of Supervisors agreed with Ms. Phalen that the artificial "monopine" cell tower did not adequately disguise the industrial facility.

Verizon attempts to discredit Ms. Phalen's argument that her property "abuts" the proposed site, and distinguish this case from *New Cingular Wireless PCS v. City of Walla Walla,* by asserting that Ms. Phalen's property and the proposed site are separated by a road. This is disingenuous. While Ms. Phalen does not own the road, the brief interruption between her property and the proposed site is negligible. The Eastern District of Washington accepted that a cell tower "less than 500 feet" from the intervenor's bed and breakfast was sufficiently close to impair the intervenors's interest. *New Cingular Wireless PCS, LLC d/b/a AT&T Mobility, v. City of Walla Walla,* No. 4:23-cv-05162-SAB, Order at p.3 (E.D. Wash. Mar. 7, 2024). The reason "abutter interest" exists is because of the functional proximity to the offensive tower. There are no other properties between Ms. Phalen's and the proposed site. Her position is the equivalent of an abutter.

In addition, aesthetic concerns are the basis of Ms. Phalen's argument regarding her property values. This is a legitimate concern, and is an independent ground for denying a cell tower application. Plaintiff asserts, without any evidentiary support, that the concern for property values is "a thinly veiled reference to fear of radio frequency emissions." This is wishful thinking and is pure nonsense. Indeed, federal courts have held that property values are closely related to aesthetic concerns. *See, e.g., Omnipoint Commc'ns, Inc. v. City of White Plains*, 430 F.3d 529, 534–35 (2d Cir. 2005) ("The Board's ruling on property values is closely related to its determination on aesthetics, and stands on much the same footing.") Ms. Phalen's concerns over property values are related to the adverse aesthetic impact to her property the tower will inflict, and the Board of Supervisors agreed that "the proposed use and facilities are not compatible with, and are detrimental to, existing and anticipated future uses on-site, on abutting property and in the nearby surrounding neighborhood or area." (RJN, Exh. A.) The Court must reject Verizon's attempt to gain the Court's acceptance of its construal of essential facts at this preliminary stage of the litigation.

### III.  Allowing Intervention Will Not "Complicate Litigation in this Case and Run Afoul of the Practical Need for Efficiency"

Verizon assert that Ms. Phalen's nuisance claim challenges "approval that has not occurred" and will necessitate burdensome discovery beyond the limited administrative record on which Verizon's complaint should be decided. (Verizon Oppo. at p. 8.) However, Ms. Phalen's claim is a direct, independent attack on Verizon's demand for a judicially-granted permit. The Court can sequence the resolution of issues to first determine whether Verizon has established that the County's denial was unlawful and then, if it does make such a determination, before granting Verizon's prayer "[f]or an Order and Judgment directing the County to issue forthwith all permits

and other approvals required to allow Verizon Wireless to proceed with the Project as proposed in the Application[,]" adjudicate Movant's nuisance claim, which is a position not advanced by the County. The Court has all the necessary powers to ensure that the litigation proceeds efficiently while allowing Ms. Phalen to protect her interest in this proceeding.

### IV. Verizon is Incorrect that Ms. Phalen Will Have Sufficient Public Opportunities to Object to Any Settlement

Verizon points out that the County cannot settle this lawsuit by directly issuing the permits Verizon seeks; Verizon would have to re-apply, or amend the application, and the County would hold publicly-noticed hearings. (Verizon Oppo., pp. 2, 10.) However, this does not in any real-world-sense mean Ms. Phalen's rights would be unimpaired by settlement.

Prior to entering into settlement, the Board of Supervisors would meet in closed session with County Counsel to vote on whether to approve the settlement. (*See*, Cal. Gov. Code § 54956.9 (allowing closed session for conferral with counsel).) Approval of settlement would mean the Board agreed with County Counsel's opinion that it is unable to prevail in the litigation at acceptable cost and it is in the County's best interest to, ultimately, accept approval of the permit on the terms that Verizon desires. Presumably, Verizon will require that the Court retain jurisdiction to re-open the case if the County does not grant a permit consistent with the settlement. This will result in considerable pressure on the public process and, almost certainly doom any chance of appeal to the Board of Supervisors, if they are convinced that federal law forces them to accept the application, as Verizon claims. The only way to meaningfully protect Ms. Phalen's interest is full participation in the lawsuit.

V.     **Ms. Phalen Has Rebutted Any Presumption that the County Will Adequately Represent Her Interests**

Likewise, the Movant has rebutted the presumption that the County will adequately represent her interests. First, in filing its "Statement of Non-Opposition," the County, the party that Verizon asserts will adequately represent Ms. Phalen's rights, implicitly disclaims any commitment or intention to do so. This itself should be dispositive. Verizon acknowledges that "[i]t is true that the County's interest may not be completely aligned with the interest of every member of the public. *See Citizens for Balanced Use*, 647 F.3d at 899 ('[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation.')" (Verizon Oppo. at p. 10.) Here, Ms. Phalen seeks to protect her own property rights while the County has a duty to balance a range of public interest, including, for instance, litigation cost, its view of any value of wireless services in the area and aesthetic impacts to other neighbors.

Further, through its "Reservation of Rights," the County makes clear that it reserves the right to challenge Ms. Phalen's allegations and legal arguments, setting itself up as a potential adverse party *vis-a-vis* Ms. Phalen. As a result, it cannot be argued that the County will adequately represent Phalen's interest. Ms. Phalen easily meets the "minimal" burden for establishing the lack of adequate representation.

III.    **CONCLUSION**

Verizon is essentially claiming, though a one-sided construal of facts that was rejected by the Board of Supervisors in the administrative appeal, that Ms. Phalen should not be permitted to intervene because her substantive arguments will fail. In other words, through its opposition to the motion for intervention, Verizon is attempting to pre-litigate a central issue of this case – whether

the County's finding that the aesthetics of the tower will have a detrimental impact on properties in the surrounding area was supported by substantial evidence. It was Ms. Phalen who presented the substantial evidence on which the Board based this key finding. "[D]isposing of the action may as a practical matter impair or impede the movant's ability to protect its interests[,]" Fed. R. of Civ. Proc. R. 24(a), and she should have her day in court in order to defend her success at the administrative level.

For the foregoing reasons, and those set forth in her Memorandum of Points and Authorities, the Movant respectfully requests that the Court grant intervention as of right, or in the alternative, permissive intervention.

Dated: October 27, 2025

CAMPANELLI & ASSOCIATES, P.C.

By: /s/ Andrew J. Campanelli (*Pro Hac Vice*)
Andrew J. Campanelli

*Attorneys for the Putative Intervenor*