UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SACRAMENTO VALLEY LIMITED PARTNERSHIP, a California Limited Partnership d/b/a VERIZON WIRELESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA COUNTY, CALIFORNIA,<br><br>　　　　Defendant. | No. 2:25-cv-01932 WBS SCR<br><br>MEMORANDUM AND ORDER RE: MOTION TO INTERVENE |

----oo0oo----

Plaintiff Sacramento Valley Limited Partnership, doing business as Verizon Wireless ("SVLP" or "Verizon"), brought this action against defendant Nevada County, California (the "County"), alleging that the County violated various provisions of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), in denying its application to construct a wireless service facility in the county. (See Docket No. 1.) Shortly thereafter, Kristin Phalen filed a motion to intervene in this case, alleging that

1

she and her husband live on property abutting the site upon which the proposed wireless service facility would be built.  (See Docket No. 16.)

I.   Factual and Procedural Background

On November 28, 2023, Verizon filed an application with the County requesting a permit to construct and operate a personal wireless service facility.  (See Docket No. 1 at 4.) After review and a public hearing, the County's Zoning Administrator approved Verizon's application.  (See id. at 6.)

On June 24, 2024, putative intervenor Phalen appealed the Zoning Administrator's approval on the grounds that Verizon's application did not comply with County codes and that the facility, if constructed, would have "severe aesthetic impacts" upon her home, resulting in a diminution of her property's value. (See id.)  Verizon submitted various materials such as photo simulations to the County in attempt to refute Phalen's appeal. (See id.)  After two public hearings and further review, the County's Board of Supervisors overturned the Zoning Administrator's approval of Verizon's application on August 20, 2024.  (See id. at 6-9.)

On July 10, 2025, Verizon sued the County in this court, alleging that the County's denial of its application to construct a personal wireless service facility violated three provisions of the Telecommunications Act of 1996.  (See generally id.)  Phalen now moves to intervene as a defendant under Federal Rules of Civil Procedure 24(a)(2) and (b)(1).  (See Docket No. 16.)

2

II.  <u>Legal Standard</u>

"Intervention is governed by Federal Rule of Civil Procedure 24, which permits two types of intervention: intervention as of right and permissive intervention."  <u>Nw. Forest Res. Council v. Glickman</u>, 82 F.3d 825, 836 (9th Cir. 1996), <u>as amended on denial of reh'g</u> (May 30, 1996) (citation modified).

Rule 24(a)(2) provides the right to intervene "[u]pon timely application . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R. Civ. P. 24(a)(2).  In other words, "[a] party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties."  <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1083 (9th Cir. 2003), <u>as amended</u> (May 13, 2003).

Rule 24(b)(1) provides that "the court may permit anyone to intervene" "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question

3

or law or fact in common." Fed. R. Civ. P. 24(b)(1). Putative permissive intervenors must thus demonstrate that there are "independent grounds for jurisdiction; (2) the motion is timely; and (3) the [putative intervenor's] claim or defense and the main action have a question of law or fact in common." Greene v. United States, 996 F.2d 973, 978 (9th Cir. 1993).

"Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Cosgrove v. Nat'l Fire & Marine Ins. Co., 770 F. App'x 793, 795 (9th Cir. 2019). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (citing Fed. R. Civ. P. 24(b)(3)).

When determining whether to permit intervention, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

III. Discussion

    a. Intervention as of Right

Phalen and the County only dispute (1) whether Phalen can demonstrate a "significantly protectable interest" in the pending litigation, and (2) assuming such an interest exists, whether the County can adequately represent it. (See Docket No. 19 at 3-4.) The court addresses these disputes in turn.

4

i.  Significant Protectable Interest

"An applicant [for intervention] has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." Donnelly, 159 F.3d at 409.  "[I]t is generally enough that the [asserted] interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (citation and quotations omitted).  Further, if a putative intervenor "will suffer a practical impairment of its interests as a result of the pending litigation," it "has a sufficient interest for intervention purposes." California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006).

Phalen argues that she has a "significant protectable interest" in the action because she and her family live on property abutting the site for the proposed service facility, and the "use and enjoyment of her property [would] be adversely impacted" in that the facility, if built, "would be dominant in the views from" multiple rooms within her property.  (Docket No. 16 at 3.)  The extent to which Phalen's property abuts the site for its proposed service facility appears to be in dispute.  (See Docket No. 19 at 6.)

At this juncture, the court must take as true the "well-pleaded, nonconclusory allegations in the motion to intervene." Berg, 268 F.3d at 820 (9th Cir. 2001).  Thus,

5

accepting as true Phalen's well-pleaded allegations that her property abuts the site for the proposed facility, her interest in the aesthetic impact of said facility is "well-settled." See, e.g., Nextel Commc'ns of Mid-Atl., Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 150 (D. Mass. 2004) ("Abutter interest in the use of a property is well-settled."); Portland Cellular P'ship v. Inhabitants of the Town of Cape Elizabeth, No. 2:14-cv-00274 JDL, 2015 WL 12990147, at *2 (D. Me. Feb. 3, 2015) (same); cf. Cohen v. Cnty. of Santa Cruz, No. 16-cv-06404 LHK, 2017 WL 467846, at *9 (N.D. Cal. Feb. 3, 2017) (under the California Constitution, "land use decisions which substantially affect the property rights of owners of adjacent parcels may constitute deprivations of property within the context of procedural due process." (citing Horn v. Cnty. of Ventura, 596 P.2d 1134, 1139 (Cal. 1979) (citation modified)).

Moreover, "[p]otential economic harm to a would-be intervenor is a factor that warrants serious consideration in the interest inquiry." Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 205 (1st Cir. 1998); see also Kleissler v. U.S. Forest Serv., 157 F.3d 964, 973 (3d Cir. 1998) (permitting party who had a "strong economic stake in the outcome of th[e] litigation" to intervene).  Phalen argues that the proposed facility, if constructed, will cause "adverse aesthetic impacts" which, in turn, will cause her property to "lose market value." (Docket No. 16 at 12.)  While Verizon disputes this possibility (see Docket No. 19 at 7), the court must accept Phalen's "well-pleaded, non-conclusory allegations in [her] motion to

6

intervene," Berg, 268 F.3d 810.

Accordingly, as "Rule 24(a) is construed broadly in favor of intervention," United States v. State of Wash., 86 F.3d 1499, 1503 (9th Cir. 1996), Phalen has established that she has a significantly protectable interest in the action. See Arakaki, 324 F.3d at 1083.

### ii. Adequate Representation

To determine whether the County would adequately represent Phalen's interests, the court evaluates "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." Berg, 268 F.3d at 822 (citation omitted). "The most important factor in assessing the adequacy of representation is how the interest compares with the interests of existing parties." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 898 (9th Cir. 2011) (citation modified). "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." W. Watersheds Project v. Haaland, 22 F.4th 828, 840 (9th Cir. 2022) (citation omitted).

"Where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." Nw. Forest Res. Council, 82 F.3d at 838 (citation and quotation marks omitted). Further, "[t]here is

7

. . . an assumption of adequacy when the government is acting on behalf of a constituency that it represents," Citizens for Balanced Use, 647 F.3d at 898, that can only be rebutted with a "very compelling showing to the contrary," Arakaki, 324 F.3d at 1086.

Phalen contends that the County will not adequately represent her interests because it tolled the statute of limitations for plaintiff's claim under the Telecommunications Act; in other words, Phalen points to the County's "waive[r]" of an "affirmative defense" (see Docket No. 16 at 15) as proof that the County will not "undoubtedly make all" of her "arguments," Berg, 268 F.3d at 822 (citation omitted). The court agrees. By identifying a colorable argument that the County failed to pursue, Phalen has made the requisite "compelling showing of inadequate representation." See W. Watersheds Project, 22 F. 4th at 840 (citation modified) (finding putative intervenor made requisite "compelling showing" where intervenor identified arguments party failed to raise); United States v. Oregon, 839 F. 2d 635, 638 (9th Cir. 1988) (same).

Further, and perhaps most importantly, the County's obligation is to represent the interests of all its constituents, not just Phalen. See Sierra Club v. Espy, 18 F. 3d 1202, 1208 (5th Cir. 1994) (government must represent "broad public interest," not just interest of putative intervenor). Phalen's interests are more "narrow" and "parochial" than the County's because she "asserts a personal interest that does not belong to the general public," namely, her interest in maintaining the

8

views from and property value of her home.
Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995), abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011).

      Similarly, because the proposed facility, if constructed, would impede the views from multiple rooms of Phalen's property (see Docket No. 16 at 3) – Phalen's presence would "offer . . . necessary elements to the proceedings that other parties would neglect," as Phalen would be the only entity who could speak directly to the aesthetic impact of the proposed facility.  See Berg, 268 F.3d at 822 (citation omitted).

      Accordingly, Phalen has demonstrated that the County would not adequately represent her interests in this litigation and is therefore entitled to intervention as a matter of right. See Fed. R. Civ. P. 24(a)(2).  Because Phalen is entitled to intervention as a matter of right, the court need not address whether she is entitled to permissive intervention.

      IT IS THEREFORE ORDERED that non-party Kristen Phalen's Motion to Intervene as a defendant (Docket No. 16) be, and the same hereby is, GRANTED.[1]

Dated:  November 12, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] As no other individual has filed a timely motion to intervene in this action, and the alleged facts supporting Phelan's motion are unique to her, this Order applies solely to her and should not be read to apply to other putative intervenors.