1  PAUL B. ALBRITTON, State Bar No. 104172
   MELANIE SENGUPTA, State Bar No. 244615
2  MACKENZIE & ALBRITTON LLP
3  155 Sansome Street, Suite 620
   San Francisco, CA 94104
4  Telephone: (415) 288-4000
   Facsimile: (415) 288-4010
5  Emails:      pa@mallp.com
                m.sengupta@mallp.com
6
7  Attorneys for Plaintiff SACRAMENTO VALLEY LIMITED
   PARTNERSHIP, a California Limited Partnership
8  d/b/a VERIZON WIRELESS

9

10                 UNITED STATES DISTRICT COURT

11      EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

12

| | |
|---|---|
| 13 SACRAMENTO VALLEY LIMITED PARTNERSHIP, a California Limited Partnership<br>14 d/b/a VERIZON WIRELESS,<br><br>15 Plaintiff,<br><br>16 vs.<br>17<br>NEVADA COUNTY, CALIFORNIA,<br>18 Defendant.<br>19 ———————————————<br>20 KRISTIN PHALEN,<br>21 Intervenor.<br>22 | Case No. 2:25-cv-01932-WBS-SCR<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM**<br><br>Hearing date: March 2, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5<br>The Honorable William B. Shubb |

23

24    Plaintiff Sacramento Valley Limited Partnership d/b/a Verizon Wireless ("Verizon")

25  moves to dismiss intervenor Kristin Phalen's Counterclaim pursuant to Federal Rules of Civil

26  Procedure 8, 12 (including 12(b)(1) and 12(b)(6)), and 41(b).

27    Phalen's Counterclaim must be dismissed because she alleges well-established forms of

28  relief, not independent substantive claims. In addition, Phalen does not have standing because her

VERIZON WIRELESS'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM

1    alleged injury is not concrete and particularized. Moreover, the Counterclaim fails to comply with

2    Federal Rule of Civil Procedure 8's pleading requirements in that it fails to provide a factual basis

3    for any alleged violation of law and grounds for jurisdiction. Because Phalen cannot plausibly

4    remedy these infirmities, the Counterclaim must be dismissed without leave to amend.

5                                      **PROCEDURAL HISTORY**

6        **A. The County's Denial of Verizon's Application**

7            On November 8, 2023, Verizon filed an application (the "Application") to construct a

8    personal wireless service facility at 20896 Dog Bar Road, Grass Valley, California (the

9    "Property") in the unincorporated area of Nevada County, California (the "County").  Compl. ¶

10   15.  The Property is a 14-acre lot, developed with a residence, barn, and other accessory structures.

11   *Id*. ¶ 16.

12           The Application requested a use permit to build, operate, and maintain an unoccupied

13   personal wireless service facility, a 129-foot tower facility camouflaged as a pine tree, on a

14   hillside surrounded by foothill oak and pine woodlands (the "Project").  Compl. ¶ 15.  Included

15   with the Application were, *inter alia*, (a) photo-simulations of the Project from several off-site

16   vantage points to document its insignificant visual impact, (b) an engineering analysis of the need

17   for the Project, and (c) a report from an independent engineering firm that confirmed the Project

18   would comply with the Federal Communications Commission's safety limits on radiofrequency

19   exposure.  *Id*. ¶ 17.

20           The County's planning staff reviewed the Application and recommended that the Zoning

21   Administrator approve it.  Compl. ¶¶ 21–22.  A public hearing was then held on the Application

22   on June 12, 2024, at which the planning staff, Verizon, and several members of the public who

23   were opposed to the Project spoke.  *Id*. ¶ 23.  The Zoning Administrator later approved the

24   Application. *Id.* ¶ 25.

25           On June 24, 2024, Phalen and others appealed the Zoning Administrator's approval to the

26   Board of Supervisors (the "Board") (the "Appeal").  Compl. ¶ 26.  Planning staff responded to the

27   Appeal in its staff report to the Board, concluding that "all of the issues raised in the appeal have

28   been considered and were adequately addressed by project conditions of approval and mitigation

1  measures" and that the Project "meets all the requirements to obtain a Conditional Use Permit and

2  is consistent with the County's Zoning Ordinance governing communication towers." *Id.* ¶ 28.

3  Planning staff recommended denying the Appeal and upholding the Zoning Administrator's

4  approval. *Id.*

5        The Board held two hearings on the Application. Compl. ¶ 29. At both, it discussed

6  various aspects of the Project, including speculative future height increases, an alleged conflict

7  between with Verizon's propagation maps and marketing maps, alternative sites and collocations,

8  feared diminished property values due to the Project, speculative concerns about fire danger associated

9  with the Project, and the aesthetic impacts to the neighbors. *Id.* ¶ 39. The Board ultimately denied

10  Verizon's application for numerous reasons, including concerns about aesthetics from neighbors as

11  well as technical reasons related to the significant gap in coverage and need for the facility.

12      **B.  Verizon Initiates this Federal Action**

13        Verizon initiated this case on July 10, 2025, against the County pursuant to Section 704 of

14  the federal Telecommunications Act of 1996 (the "TCA"), codified as 47 U.S.C. § 332(c)(7).

15  Verizon accuses the County of violating three provisions of § 332(c)(7). First, the County's denial

16  was not based on substantial evidence, in violation of 47 U.S.C. Section 332(c)(7)(B)(iii). Next,

17  the County's denial effectively prohibited Verizon from providing personal wireless services, in

18  violation of 47 U.S.C. Section 332(c)(7)(B)(i)(II). Finally, the County based its decision based on

19  fear of radio frequency ("RF") emissions, in violation of 47 U.S.C. Section 332(c)(7)(B)(iv).

20      **C.  Phalen's Motion to Intervene**

21        On October 3, 2025, Phalen moved to intervene pursuant to Rule 24 of the Federal Rules

22  of Civil Procedure and submitted her pleading as required by Rule 24(c). In her moving papers,

23  Phalen asserted that intervention as of right was warranted because she has a significant

24  protectable interest, the disposition of this action may impair her ability to protect that interest, and

25  the County cannot adequately represent that interest. In the alternative, Phalen sought permissive

26  intervention.

27        Verizon opposed the motion. Among other things, it argued that Phalen does not have a

28  significantly protectable interest in the outcome of this litigation considering her assertions of

VERIZON WIRELESS'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM

1  "severe aesthetic impacts" and loss of economic value to her property were implausible.  Verizon

2  also argued that these alleged interests were far removed from Verizon's claims under the TCA.

3          On November 11, 2025, this Court granted Phalen's motion and permitted her to intervene

4  as of right. Verizon now moves to dismiss Phalen's Counterclaim for failure to provide a "short

5  and plain statement" of her claims and for failure to assert a cognizable claim.  Verizon

6  respectfully requests that the dismissal of the Counterclaim be without leave to amend.

7                                **LEGAL STANDARDS**

8          Under Rule 12(b)(1), the court must dismiss a complaint for lack of subject-matter

9  jurisdiction if the alleged claims are not ripe, or if they are moot.  *See Chandler v. State Farm*

10  *Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-1122 (9th Cir. 2010) (ripeness); *White v. Lee*, 227 F.3d

11  1214, 1242-1244 (9th Cir. 2000) (mootness).  "The party asserting federal subject matter

12  jurisdiction bears the burden of proving its existence." *Chandler*, 598 F.3d at 1122.  If the Court

13  concludes that it lacks subject matter jurisdiction, "the court must dismiss the action" and no

14  further inquiry need be conducted. Fed. R. Civ. P. 12(h)(3).

15          A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint and whether it

16  has "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a

17  motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief

18  above the speculative level, ... on the assumption that all the allegations in the complaint are true

19  (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

20  citations and alterations omitted).  Thus, the plaintiff's obligation is to set forth sufficiently the

21  "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal

22  quotation marks and alterations omitted).  "[W]here the well-pleaded facts do not permit the court

23  to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

24  'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

25  (quoting Fed. R. Civ. P. 8(a)(2)).

26                                **DISCUSSION**

27   **A.  Phalen's Counterclaim Fails to State a Claim**

28         **1.  Phalen's "Counterclaims" are Forms of Relief, not Substantive Claims**

                                        4

1   The Counterclaim should be dismissed because Phalen's counterclaims for Permanent

2   Injunction and Declaratory Judgment are forms of relief, not cognizable causes of action.

3                              **i. Permanent Injunction**

4        In her first counterclaim for a Permanent Injunction, Phalen seeks "an order permanently

5   enjoining the Plaintiff from constructing and installing the proposed tower at the proposed

6   location, or at any location close enough to Answering Intervenor's property to cause adverse

7   aesthetic and economic impacts thereto."  Answer ¶ 91.

8        Courts have consistently reinforced that injunctive relief is a traditional form of traditional

9   equitable relief for certain underlying substantive claims.  *See eBay Inc. v. MercExchange, LLC*,

10  547 U.S. 388, 390 (2006) ["[A] federal court considering whether to award permanent injunctive

11  relief to a prevailing plaintiff applies the four-factor test historically employed by courts of

12  equity."].  In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme

13  Court established the modern four-factor test for injunctive relief.  It requires a party to

14  demonstrate: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

15  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

16  injunction is in the public interest." *Id.* at 20.  The first prong explicitly requires likelihood of

17  success on the merits of an underlying substantive claim.  Stated another way, a permanent

18  injunction is a form of relief that the court may grant when a plaintiff succeeds on a substantive

19  cause of action that lends itself to the remedy.  *See TYR Sport Inc. v. Warnaco Swimwear Inc.*, 679

20  F. Supp. 2d 1120, 1141 fn. 13 (C.D. Cal. 2009) ("The Court notes that a claim for injunctive relief

21  is not a substantive claim, but merely a remedy which must be supported by a viable substantive

22  theory."); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An

23  injunction is a remedy, not a separate claim or cause of action. A pleading can, as the FAC does

24  here, request injunctive relief in connection with a substantive claim, but a separately pled claim

25  or cause of action for injunctive relief is inappropriate.").

26       Here, Phalen does not assert a substantive cause of action.  As such, she cannot meet the

27

28

VERIZON WIRELESS'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM

1  first requirement for injunctive relief that she demonstrate a likelihood of success on the merits.[1]

2  **ii. Declaratory Judgment**

3  Phalen's second counterclaim for Declaratory Judgment is brought pursuant to Federal

4  Rule of Civil Procedure 57 and 28 U.S.C. § 2201.  Phalen seeks a judgment "adjudging and

5  declaring that the construction and installation of the proposed tower, or any wireless

6  telecommunications facility of any kind, whether at the proposed location or at any location in

7  close proximity to Answering Intervenor's property, will cause adverse aesthetic and economic

8  impacts thereto."  Answer ¶ 93.

9  Declaratory relief is also an equitable remedy that allows adjudication of causes of action

10  regardless of whether claims for damages or injunction have arisen.  Congress established the

11  power of a federal court to issue a judgment declaring the respective rights and responsibilities of

12  parties in 28 U.S.C. Section 2201, which states, in relevant part (emphasis added):

13  (a) In a **case of actual controversy** within its jurisdiction, … any court

14  of the United States, upon the filing of an appropriate pleading, may
declare the rights and other legal relations of any interested party

15  seeking such declaration, whether or not further relief is or could be

---

[1] Phalen's requested injunctive relief also raises additional hurdles that would undermine the TCA's objective for streamlined proceedings.  That is, not only does Phalen seek an order enjoining Verizon from installing a tower on the proposed site, but she also seeks an order barring Verizon from installing a tower at "**any location**" close enough to her property to cause adverse aesthetic and economic impacts.  This, of course, implicates the property rights of others in the surrounding community.  Pursuant to Rule 19 of the Federal Rules of Civil Procedure, those neighbors whose property rights may be affected by the proposed injunction must be joined because they possess "an interest relating to the subject of the action and [are] so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest[.]"  *See* Fed. R. Civ. P. 19(1)B)(i).  Failure to join those neighbors would subject the Counterclaim to dismissal.  *See* Fed. R. Civ. P. 12(b)(7) (permitting a party to dismiss for failure to join a party under Rule 19).

At the same time, joinder would conflict with the TCA's expedited timelines and limited judicial review.  The Ninth Circuit has explicitly recognized the TCA's streamlining purpose.  In *AT&T Communications Systems v. Pacific Bell*, 203 F.3d 1183 (9th Cir. 2000), the court emphasized that "Congress intended that competition under the Telecommunications Act take root 'as quickly as possible'" and noted "the strict timelines contained in the Telecommunications Act indicate Congress' desire to open up local exchange markets to competition without undue delay."  *Id.* at 1186.  This judicial recognition confirms that courts understand and implement the TCA's streamlining objectives, which would be undermined by the joinder of multiple neighbors.

sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Declaratory Judgment Act "only creates a remedy." *See Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Like a request for injunctive relief, then, it requires a substantive claim sufficient to create a "case of actual controversy." *See Barton v. Capital One Bank (USA), N.A.*, No. 12–cv–05412–JST, 2013 WL 12173918, at *8 (N.D. Cal. Apr. 4, 2013); *Santos v. Countrywide Home Loans*, No. 2:09-02642 WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief."). Because Phalen does not assert an independent claim, her second counterclaim must also be dismissed.

## 2. Phalen's Counterclaim Should Be Dismissed as Unripe

Moreover, Phalen's Counterclaim asks for this Court's consideration of issues that are not yet ripe. It bears repeating that this case is before the Court because Nevada County **denied** Verizon's Application. Therefore, any argument that Phalen may have about the construction of the tower fails since Verizon does not have a permit to construct it. "Article III's ripeness doctrine is designed to 'prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)). "Constitutional ripeness equates with Article III's injury-in-fact requirement for standing." *Id.* at 1184–1185. "The well-worn prerequisites are an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Id.* at 1185 (citation modified) (quoting *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir. 2022)).

The ripeness doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977).

VERIZON WIRELESS'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM

1    Phalen's Counterclaim seeks a judicial determination that the construction of the tower

2  will have negative aesthetic and economic impacts on her property.  However, Verizon does not

3  even have a permit to construct a tower, meaning Phalen has, at most, a conjectural or hypothetical

4  interest here.  Absent a permit, Phalen's arguments relating to the construction of a tower are not

5  ripe for adjudication.  Only when a permit is issued will Phalen's interest be sufficiently "concrete

6  and particularized" and "actual and imminent" for any potential claims to be ripe.

7    **3. Phalen Fails to Establish This Court's Jurisdiction in a "Short and Plain**

8    **Statement"**

9    Like any pleading, a Counterclaim must comply with the requirements of Federal Rule of

10  Civil Procedure Rule 8(a).  Under the Supreme Court's formulation for considering a Federal Rule

11  of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff cannot "plead the bare elements of his

12  cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to

13  dismiss." *Ashcroft v. Iqbal*, 556 U.S. at 687.  Rather, a complaint or counterclaim must set forth

14  enough factual matter to establish plausible grounds for the relief sought.

15    In discussing the minimum pleading requirement for a complaint, the Supreme Court

16  reaffirmed that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" is

17  required. *Ashcroft v. Iqbal*, 556 U.S. at 678.  Further, a pleading which offers mere "labels and

18  conclusions" of "formulaic recitations of the elements of a cause of action" is insufficient. *Id.*  A

19  complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that

20  is plausible on its face." *Id* . It need not be probable that the plaintiff will prevail, but there are

21  sufficient grounds that a plausible claim has been pled.  "Taken together, *Iqbal* and *Twombly*

22  require well-pleaded facts, not legal conclusions, *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, that

23  'plausibly give rise to an entitlement to relief,' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937." *Whitaker*

24  *v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).

25    Here, Phalen's allegations fail to comply with Rule 8's minimal pleading requirements.

26  She alleges only that Verizon sought a conditional use permit to construct a tower (¶ 78); Phalen's

27  home "is close enough to be subjected to adverse aesthetic and economic impacts" (¶ 79); the

28  TCA permits local governments to regulate placement of wireless facilities (¶ 80); the Nevada

VERIZON WIRELESS'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM

1    County Planning Department granted the conditional use permit, a decision appealed by Phalen (¶

2    81); and after hearing the appeal, the Board denied Verizon's application (¶ 82).  None of these

3    allegations, even if accepted as true, plausibly give rise to a claim for relief.

4          Even more, Phalen has failed to comply with this Court's Local Rule 204, which states that

5    "When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i)

6    shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim, or third

7    party claim; (ii) shall be styled 'Jurisdiction'; (iii) shall state the claimed statutory or other basis of

8    federal jurisdiction; and (iv) shall state the facts supporting such jurisdictional claim."  Phalen has

9    not complied with this requirement in the Counterclaim because there is no separate section in the

10   pleading, let alone "as the first allegation," identifying the statutory or other basis of federal

11   jurisdiction.

12         Since the Counterclaim fails to comply with Rule 8's pleading requirement and this

13   Court's Local Rules, it must be dismissed.

14   **B. Leave to Amend Should be Denied**

15         Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

16   determines that the allegation of other facts consistent with the challenged pleading could not

17   possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

18   1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

19   1986)).

20         Furthermore, an action may also be dismissed under Rule 41(b) if "the plaintiff fails to

21   prosecute or to comply with these rules or a court order."  This includes dismissal of a complaint

22   that violates the requirements under Rule 8 for a "short and plain statement of the claim" for relief,

23   and that "[e]ach allegation must be simple, concise, and direct."  *See, e.g., Nevijel v. North Coast

24   Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules

25   8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b).").

26         Phalen should not be permitted leave to amend the Counterclaim because amendment

27   would be futile.  At this stage, any argument relating to the effect of a potential future permit to

28   construct a tower is entirely conjectural and therefore not ripe.

9

**CONCLUSION**

Based on the foregoing, Verizon asks that its motion to dismiss be granted. Not only does Phalen's Counterclaim fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8, but her alleged "counterclaims" are in fact forms of relief, not substantive claims, and the issues she presents before to this Court are not ripe. Because Phalen cannot proceed on a cognizable claim against Verizon, leave to amend should be denied.


Dated: December 3, 2025                    MACKENZIE & ALBRITTON LLP


                                           /s/ Melanie Sengupta
                                           Melanie Sengupta
                                           Paul B. Albritton
                                           Attorneys for Plaintiff SACRAMENTO
                                           VALLEY LIMITED PARTNERSHIP, a
                                           California Limited Partnership d/b/a VERIZON
                                           WIRELESS

VERIZON WIRELESS'S BRIEF IN SUPPORT OF MOTION TO DISMISS INTERVENOR'S COUNTERCLAIM